UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANNON EARL TROCHE,
    Plaintiff,

vs.

DONALD MORGAN,
    Defendant.

Case No. 1:12-cv-176

Speigel, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

    Plaintiff, an inmate at the Ohio State Penitentiary, brings this prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action in March 2012, proceeding pro se. *See* Docs. 1, 2. On April 9, 2012, defendant filed a motion for judgment on the pleadings. (Doc. 11). The district judge subsequently granted plaintiff's motion for appointment of counsel (Doc. 5) and plaintiff's newly appointed counsel filed a motion to amend the complaint. Docs. 14, 16. This matter is currently before the Court on defendant's motion for judgment on the pleadings (Doc. 11), and on plaintiff's motion to amend (Doc. 16), defendant's response in opposition (Doc. 17), and plaintiff's reply memorandum. (Doc. 20).

    Plaintiff requests permission to amend the complaint pursuant to Fed. R. Civ. P. 15(a). Plaintiff's proposed amended complaint: (1) includes more specific allegations regarding his claims against defendant Morgan; (2) seeks to add an additional defendant, Correctional Officer Crabtree; and (3) contains additional allegations pertaining to his claims that his constitutional rights to due process and to be free from cruel and unusual punishment were violated by defendant Morgan and Officer Crabtree. (Doc. 16, Ex. 1). Defendant opposes plaintiff's motion, asserting futility.

    The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. *Foman*

*v. Davis*, 371 U.S. 178 (1962). The Court should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, lack of notice to the opposing party, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Id. See also Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998); *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

Given the early procedural posture of this case and that defendant has not alleged that he would be prejudiced, the undersigned finds that plaintiff's motion to amend (Doc. 16) should be granted pursuant to Fed. R. Civ. P. 15(a). Accordingly, it is hereby **ORDERED** that plaintiff's motion to amend his complaint (Doc. 16) be **GRANTED**.

Further, **IT IS RECOMMENDED THAT** defendant's motion for judgment on the pleadings (Doc. 11) be **DENIED** as moot.

Date: 2/12/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SHANNON EARL TROCHE,
    Plaintiff,

vs.

DONALD MORGAN,
    Defendant.

Case No. 1:12-cv-176

Speigel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).