UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANNON EARL TROCHE,
    Plaintiff,

vs.

DONALD MORGAN,
    Defendant.

Case No. 1:12-cv-176

Speigel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Ohio State Penitentiary, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants Correctional Officer Michael Crabtree and Warden Donald Morgan while plaintiff was an inmate at the Southern Ohio Correctional Facility (SOCF). (Doc. 23).[1] Plaintiff also raises Ohio state law tort claims against the defendants. This matter is before the Court on defendant Morgan's motion to dismiss (Doc. 24), plaintiff's memorandum in opposition (Doc. 28), and Morgan's reply. (Doc. 29). Defendant Morgan moves to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), asserting that plaintiff has failed to state a claim against him for which relief can be granted. Defendant Morgan further asserts he is immune from liability for plaintiff's state law claims. For the following reasons, the undersigned recommends that defendant Morgan's motion to dismiss be **GRANTED**.

I. Standard of Law

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236,

---

[1] Plaintiff initiated this action on a pro se basis but is currently represented by counsel pursuant to the District Court's appointment of an attorney. *See* Doc. 14.

(1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly,* 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Finally, the Court must "scrutinize with special care" a motion to dismiss a complaint filed under a civil rights statute." *See Perry v. McGinnis*, 209 F.3d 597, 603 (6th Cir. 2000) (citing *Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir. 1985)). With these principles in mind, the Court reviews plaintiff's complaint.

## II. Factual Allegations

On or around August 20, 2011, plaintiff was ordered to clean brooms located in the "pan room" near the dining hall by SOCF Correctional Officer Michael Crabtree (defendant Crabtree). (Doc. 23, ¶ 11). Plaintiff asked defendant Crabtree where the inmates who usually clean brooms were and defendant Crabtree told plaintiff to "[d]o what the fuck I told you to do." (*Id.*, ¶ 12). Plaintiff requested that defendant Crabtree not speak to him in that manner but proceeded to enter the pan room and clean brooms. (*Id.*, ¶ 13). Defendant Crabtree followed plaintiff into the pan room and then physically assaulted plaintiff without provocation. (*Id.*, ¶¶ 14-15). Other SOCF employees intervened and separated defendant Crabtree and plaintiff following plaintiff's unsuccessful attempt to push defendant Crabtree away. (*Id.*, ¶¶ 16, 19). As a result of this assault, plaintiff suffered a laceration on the back of his head and bruising on his back and neck. (*Id.*, ¶ 20). Following this incident, plaintiff was placed in isolation for approximately two weeks during which time he was mistreated by SOCF staff and deprived of food. (*Id.*, ¶¶ 22-23). Plaintiff was charged with and tried for criminal assault in the Scioto County Court of Common Pleas in connection with this incident. (*Id.*, ¶ 26). Plaintiff was acquitted of the charge by a jury. (*Id.*).

Plaintiff alleges that defendants Crabtree and Morgan violated his constitutionally protected Eighth Amendment rights to be free from the use of excessive force and cruel and unusual punishment. (*Id.*, ¶¶ 28, 29). Plaintiff further alleges defendants Crabtree and Morgan violated his Fourteenth Amendment constitutional right to due process by placing him in isolation and depriving him of food. (*Id.*, ¶¶ 32-34). Lastly, plaintiff alleges defendants Crabtree and Morgan are liable for punitive damages under his Ohio state law assault and battery claim. (*Id.*, ¶¶ 38-41).

### III. Resolution

Defendant Morgan seeks dismissal of plaintiff's claims against him on two grounds: (1) plaintiff's complaint includes no factual allegations that defendant Morgan was involved in any of the events related to his constitutional claims and, consequently, he cannot be held individually liable for any alleged constitutional violation; and (2) defendant Morgan, as an employee of the state of Ohio, is immune from liability for plaintiff's state law assault and battery claim. (Doc. 24 at 2).

In response, plaintiff argues that under the *Twombly/Iqbal* pleading standard, his § 1983 claims survive defendant Morgan's Rule 12(b)(6) challenge because his amended complaint contains sufficient facts from which the Court can "draw a reasonable inference" that defendant Morgan's conduct meets the elements of the claims. (Doc. 28 at 1). Plaintiff also asserts that defendant Morgan was necessarily involved in the decision to place plaintiff in isolation and, thus, the constitutional deprivation by virtue of defendant Morgan's duties under the Ohio Administrative Code. *Id.* at 4. In support, plaintiff cites to Ohio Admin. Code § 5120:1-8-12, which he contends imposes a duty on defendant Morgan to approve of any prisoner discipline, such as plaintiff's isolation. *Id.* Plaintiff also requests that the Court stay its ruling on defendant

4

Morgan's motion to dismiss the state law tort claims pending a ruling from the Ohio Court of Claims on the issue of defendant Morgan's immunity. *Id.* at 6.

Defendant Morgan replies that plaintiff's contention that the Court may reasonably infer his liability is erroneous and that without facts describing defendant Morgan's direct involvement, plaintiff has failed to state a plausible claim for relief under *Twombly/Iqbal*. Defendant Morgan also notes that the Ohio Administrative Code relied on by plaintiff applies to full service jails and not to correctional facilities like SOCF. Further, defendant Morgan maintains that plaintiff's state law claims against him should be dismissed without prejudice because he is immune from liability pending a determination from the Ohio Court of Claims to the contrary. (Doc. 29).

For the following reasons, defendant Morgan's motion is well-taken.

A.  The 42 U.S.C. § 1983 Claims

A government official can be sued under § 1983 in either his individual or official capacity.[2] An individual capacity suit under § 1983 seeks to impose personal liability on a state official for actions taken under color of state law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). An official cannot be held liable in his individual capacity under § 1983 based on a theory of *respondeat superior*. *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). Instead, officials are personally liable for damages under § 1983 only for their own unconstitutional behavior. *Id.* Yet, where a supervisor authorizes, approves or knowingly acquiesces in the unconstitutional conduct of his subordinates, liability may be imposed against the supervisor. *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Thus,

---

[2] Plaintiff has withdrawn his official capacity claims against all defendants; the remaining claims are raised against defendants in their individual capacities. *See* Doc. 20 at 1.

5

a plaintiff's § 1983 claim against a defendant Morgan in his individual capacity must fail "unless [defendant Morgan] encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* (citing *Cardinal v. Metrish,* 564 F.3d 794, 802-03 (6th Cir. 2009)).

Plaintiff's amended complaint includes substantial factual allegations regarding the conduct of Correctional Officer Crabtree, but there are no such allegations against defendant Morgan. Indeed, defendant Morgan is mentioned only twice in the entirety of plaintiff's amended complaint as follows:

> In committing the acts complained of herein, [d]efendants Crabtree and Morgan acted under color of state law to deprive [p]laintiff of his constitutionally protected right [to be free] from excessive use of force, as secured by the Eighth Amendment to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.
>
> \*\*\*
>
> In committing the acts complained of herein, [d]efendants Crabtree and Morgan acted under color of state law to deny [p]laintiff of his constitutionally protected rights.

(Doc. 23, ¶¶ 28, 32). These allegations are nothing more than formulaic legal conclusions; to state a cognizable §1983 claim, plaintiff is required to provide "factual enhancement" describing defendant Morgan's personal involvement in the alleged constitutional violation. *Iqbal,* 556 U.S. at 678; *Binay v. Bettendorf,* 601 F.3d 640, 650 (6th Cir. 2010) (plaintiff must plead direct personal involvement to establish §1983 liability). Plaintiff's amended complaint includes no such allegations. Consequently, plaintiff has failed to state a plausible § 1983 claim against defendant Morgan.

Despite the lack of any allegations of defendant Morgan's direct involvement in the alleged unconstitutional treatment, plaintiff argues that the Court can nevertheless infer liability

as Ohio law requires defendant Morgan, as Warden of SOCF, to approve of any penalty, including disciplinary isolation, lasting longer than 128 hours. (Doc. 28 at 4-5). Plaintiff claims that because he has alleged that he was placed in isolation and denied food for approximately two weeks, it is reasonable to infer defendant Morgan's direct involvement. As noted by defendant Morgan, plaintiff's argument is misplaced.

The code plaintiff relies on in making this argument is Ohio Administrative Code § 5120: 1-8-12, which provides that a "jail administrator or designee shall approve any penalty exceeding suspension of rights or disciplinary isolation for more than one hundred twenty hours." Ohio Admin. Code § 5120: 1-8-12. Yet, this provision of the Ohio Administrative Code governs the procedures for a "full service jail," which is defined as "[a] *local* confinement facility used primarily to detain adults for more than two hundred eighty-eight hours." Ohio Admin. Code § 5120: 1-7-02. (emphasis added).[3] SOCF is not a "full service jail"; it is a correctional facility under the authority of the Ohio Department of Rehabilitation and Corrections, and the placement of prison inmates in disciplinary segregation is the responsibility of the deputy warden, not warden. *See* Ohio Admin. Code § 5120-9-11(B). The provision cited by plaintiff is therefore inapplicable to the instant matter. Moreover, even if defendant Morgan was obliged to approve plaintiff's *placement* in segregation, it is still incumbent upon plaintiff to allege facts establishing defendant Morgan's direct involvement in or approval of the alleged mistreatment of plaintiff while in segregation in order to state a cognizable § 1983 claim. *See Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (dismissing inmate's Eighth Amendment claim against warden and deputy warden for prison staff's taunts and limited showers to inmate while in segregation where no allegations that named defendants participated in mistreatment or knowingly permitted

---

[3] Ohio Admin. Code §§ 5120:1-8-01 to 5120:1-12-19 govern the "Minimum Standards for Jails in Ohio," which include county jails, municipal jails, regional jails, and work houses. Ohio Admin. Code § 5120:1-7-02(A).

7

it). As plaintiff's amended complaint contains no such allegations, defendant Morgan's motion to dismiss plaintiff's federal law claims should be granted.

B. The State Law Claim

Pursuant to Ohio law, state employees are immune from state law claims, such as plaintiff's assault and battery claims, until the Ohio Court of Claims determines otherwise. Ohio Rev. Code § 2743.02. *See also Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). Further, until such a determination, "there is no cause of action cognizable under Ohio law over which the district court can assert pendent jurisdiction." *Haynes*, 887 F.2d at 705. Thus, unless the Ohio Court of Claims determines that defendant Morgan was acting outside the scope of his employment and is not immune from suit, this Court lacks jurisdiction over plaintiff's state law claims.

Plaintiff requests that the Court stay his state law claim as he purports to have initiated an action in the Ohio Court of Claims regarding defendant Morgan's immunity. The undersigned finds that in the interest of judicial economy, a dismissal without prejudice is the better course. Dismissing plaintiff's state law claims against defendant Morgan with leave to reinstate them will allow for a more focused discovery process. Further, such a dismissal will not prejudice plaintiff as he may re-assert his state law claims upon a determination by the Ohio Court of Claims that defendant Morgan is not entitled to immunity from suit. *See Gravely v. Madden*, 964 F. Supp. 260, 262-63 (S.D. Ohio 1995) (citing cases). Accordingly, the undersigned recommends that plaintiff's state law claims against defendant Morgan be dismissed without prejudice.

**IV. Conclusion**

For the above reasons, the undersigned recommends that defendant Morgan's motion to

dismiss (Doc. 24) be **GRANTED** and that plaintiff's §1983 claims against defendant Morgan be **DISMISSED** with prejudice and that his state law claims against defendant Morgan be **DISMISSED** without prejudice.

Date: 8/21/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANNON EARL TROCHE,
    Plaintiff,

vs.

DONALD MORGAN,
    Defendant.

Case No. 1:12-cv-176

Speigel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).