UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHANNON EARL TROCHE, :
: NO. 1:12-cv-00176
    Plaintiff, :
:
  v. : **ORDER**
:
DONALD MORGAN, et al., :
:
    Defendants. :

This matter is before the Court on the Report and Recommendation of Magistrate Judge Karen L. Litkovitz (doc. 31), to which Plaintiff has filed an objection (doc. 37) and Defendant Donald Morgan has responded (doc. 39). For the reasons that follow, we ACCEPT the recommendation of the Magistrate Judge.

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Warden Donald Morgan and Correctional Officer Michael Crabtree. Plaintiff currently is an inmate at the Ohio State Penitentiary, but the constitutional violations he alleges, as well as those sounding in Ohio common law, occurred while he was an inmate at the Southern Ohio Correctional Facility ("SOCF"). Defendant Morgan filed a motion to dismiss Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12(b)(6) (doc. 24), which the Magistrate Judge recommends we grant.

1

In August 2011, Defendant Crabtree ordered Plaintiff to clean the brooms located in the "pan room" near the SOCF dining hall (First Amended Complaint, doc. 23 ¶ 11). Plaintiff questioned where the inmates were who usually performed that task, and was told by Crabtree to "[d]o what the fuck I told you to do[]" (id. ¶ 12). Plaintiff asked Crabtree to not talk to him "that way" and headed to the pan room as instructed (id. ¶ 13). Crabtree followed Plaintiff into the pan room where he began to beat and choke him (id. ¶¶ 14, 15, 18). Plaintiff did not provoke this physical assault and made efforts to stop it, but without success (id. ¶¶ 15, 16). Other SOCF employees eventually separated them, with Plaintiff suffering a gash to his head and bruising around his neck (id. ¶¶ 19, 20). After being treated for his injury, Plaintiff was placed in isolation, known as the "slammer cell," for approximately two weeks; during that time he was mistreated by SOCF staff, including being deprived of food (id. ¶¶ 22, 23).[1]

Plaintiff charges that Crabtree's unprovoked assault constituted excessive use of force and the denial of food subsequent to the excessive use of force amounted to a cruel and unusual punishment, both in violation of his Eighth Amendment

---

[1] In connection with the incident, Plaintiff was tried for criminal assault in the Scioto County Court of Common Pleas in April 2012; a jury acquitted him (doc. 23, First Amended Complaint ¶ 26).

rights (id. ¶¶ 28, 29). Plaintiff also charges that his placement in isolation after Crabtree's unprovoked assault and the deprivation of food he experienced there was in violation of his right to due process guaranteed by the Fourteenth Amendment (id. ¶¶ 33-35). Finally, Plaintiff charges that Crabtree's attack amounts to an assault and battery under state tort law (id. ¶ 38).

In his motion, Defendant Morgan argued that the federal constitutional claims against him should be dismissed because there is no allegation that he was personally involved in any of these events as is required under Section 1983 jurisprudence; as to the state tort claim, he maintains he is immune from liability until the Ohio Court of Claims determines otherwise. Plaintiff countered that, under the Twombly/Iqbal pleading standard, his federal claims should survive a Rule 12(b)(6) challenge because there are sufficient facts from which the Court can "draw a reasonable inference" that Defendant Morgan "fail[ed] to prevent harm" as was his duty as Warden (doc. 28 at 1, 3) and because the Ohio Administrative Code obligated him, again as Warden, to approve Plaintiff's placement in isolation (id. at 4). Plaintiff conceded that Defendant Morgan enjoys a presumption of immunity as to his state tort claim, though, but requested a stay (in lieu of a dismissal) until the prerequisite adjudication in the Ohio Court of Claims concludes (id. at 6-7).

3

The Magistrate Judge found Defendant Morgan's arguments well-taken. A state actor sued in his individual capacity[2] under Section 1983 is liable only for his "'own unconstitutional behavior.'" Colvin v. Caruso, 605 F.3d 282, 292 (6th Cir. 2010) (quoting Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989)). The theory of respondeat superior does not apply. Id. (citing Leach, 891 F.3d at 1246). A supervisor may be liable for the acts of his subordinate, however, if he "'implicitly authorized, approved or knowingly acquiesced in'" the unlawful conduct. Turner v. City of Taylor, 412 F.3d 629, 643 (6th Cir. 2005) (quoting Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)). But "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Id. (quoting Bellamy, 729 F.2d at 421).

Applying this standard, the Magistrate Judge observed that Plaintiff's First Amended Complaint includes many factual allegations with regard to Defendant Crabtree, but only two brief references to Defendant Morgan which amount to nothing more than "formulaic legal conclusions[]" (doc. 31 at 6). She

---

[2] Defendants Morgan and Crabtree were sued originally in both their official and individual capacities. However, once court-appointed counsel for Plaintiff realized that his client had instituted a cause of action based on these facts against the State of Ohio in its Court of Claims, he withdrew all official capacity claims in this matter (see doc. 20 at 1 n.1).

4

rejected Plaintiff's argument that the Court could "infer" an allegation of direct involvement on the premise that state law would have required him as Warden, the putative "jail administrator,"[3] to approve of any penalty—including disciplinary isolation—lasting longer than 128 hours. Ohio Admin. Code § 5120: 1-8-12. That chapter of the Code pertains to the operation of a "full service jail," defined as a "local confinement facility used primarily to detain adults for more than two hundred eighty-eight hours." Id. § 5120: 1-7-02 (emphasis added). As its name implies, however, the SOCF is not a "full service jail."[4] Rather, it is a facility authorized and maintained by the Ohio Department of Rehabilitation and Corrections, where the placement of a prison "inmate" in isolation, or "security control," is committed to the approval of the Deputy Warden, not the Warden. Id. § 5120-9-11(B). And even if it were the Warden's role to approve placement in isolation, Plaintiff still must allege (but has not) that Defendant Morgan was involved directly in, or at least approved of, the alleged mistreatment that occurred while he was segregated. In support, the Magistrate Judge cited Bennett v.

---

[3] An "administrator" is defined as a "[p]erson[] who ha[s] managerial responsibility for a full service jail." Ohio Admin. Code § 5120: 1-7-02(B)(1). Obviously, this definition contains no reference to a "warden" or a "deputy warden."
[4] Falling within the ambit of "full service jails" are county jails, municipal jails, regional jails and workhouses. Ohio Admin. Code § 5120: 1-7-02(A).

5

Smith, a case in which the Sixth Circuit dismissed a prisoner's Eighth Amendment claim of cruel and unusual punishment against both the Warden and two Deputy Wardens. 110 F. App'x 633, 635 (6th Cir. 2004). Inmate Bennett alleged that he was taunted by prison staff while in segregation and only permitted to shower four times over sixty-eight days; but because he did not allege that the named defendants participated in the mistreatment or knowingly permitted it to occur, he failed to state a Section 1983 claim against them. Id.

The Magistrate Judge's report regarding Plaintiff's state law claim was even more straightforward. It is well-established that state employees are immune from civil actions grounded in state law.[5] Whether a state employee loses his or her immunity is a decision committed to the Ohio Court of Claims.[6] Thus, in the absence of a ruling by the Court of Claims that strips Defendant Morgan of his immunity, this Court is without

---

[5] Immunity is lost "[only if] the . . . employee's actions were manifestly outside the scope of his [or her] employment or official responsibilities, or [only if] the . . . employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. . . ." O.R.C. § 9.86.

[6] The Ohio Court of Claims "has exclusive, original jurisdiction to determine, initially, whether the . . . employee is entitled to personal immunity under section 9.86 of the Revised Code . . . ." O.R.C. § 2743.02(F); Johns v. Univ. of Cincinnati Med. Assocs., 101 Ohio St. 3d 234, 2004-Ohio-824, 804 N.E.2d 19, at ¶ 30 ("Therefore, we hold that under R.C. 2743.02(F), the Court of Claims is the only court with authority to determine whether a state employee is immune from personal liability under R.C. 9.86.") (emphasis added).

jurisdiction over Plaintiff's state law claim. See Haynes v. Marshall, 887 F.2d 700, 705 (6th Cir. 1989) (district court may not assume pendent [now "supplemental"] jurisdiction over state law claims until Ohio Court of Claims resolves immunity issue). In the interests of judicial economy, the Magistrate Judge recommends a dismissal without prejudice of this claim rather than a stay as Plaintiff requests.

    Plaintiff timely objected to the Magistrate Judge's Report and Recommendation. Assuming Section 5120-9-11(B) (rather than Section 5120: 1-8-12) governs the SOCF, he urges that Defendant Morgan's direct involvement still can be inferred because that provision requires the Deputy Warden to "forward a copy of [the written summary regarding the proposed treatment of an inmate] to the [W]arden." Ohio Admin. Code § 5120-9-11(B). Thus, the Warden has "the ultimate authority to approve or reject the recommended handling and treatment of inmates" and therefore "Defendant Morgan had to have direct involvement in the treatment of Plaintiff Troche per Ohio law" (doc. 37 at 3 (emphasis original)). Plaintiff cites McConnell v. Butler Cnty., Ohio, No. 1:13-cv-210, 2013 WL 4482411, at *3-4 (S.D. Ohio Aug. 19, 2013) for the proposition that a Rule 12(b)(6) motion is properly denied when a prison staff member's involvement in mistreatment of an inmate can be inferred from his job responsibilities (doc. 37 at 3). He maintains that

7

discovery is necessary "to explore Defendant Morgan's role in his mistreatment at SOCF[,]" and urges us to reject the Magistrate Judge's recommendation with regard to his federal constitutional claims (id. at 4). Plaintiff does not object, however, to the Magistrate Judge's recommendation concerning his state tort law claim.

Defendant Morgan contends that reliance on McConnell is misplaced. That case concerns a deliberate indifference (to a serious medical need) claim under the Eighth Amendment in which a plaintiff administratrix alleges, among other things, that the Sheriff and Medical Director had individual responsibilities to promulgate procedures and medical policies at the Butler County Jail to keep inmates experiencing opiate withdrawal safe from harm and failed to do so. Magistrate Judge Bowman has recommended to our colleague, the Honorable Herman J. Weber, that the motions to dismiss by the individual defendants be denied in large part on the authority of Taylor v. Mich. Dep't of Corrections, 69 F.3d 76 (6th Cir. 1995). Taylor reversed the district court's grant of summary judgment in favor of the Warden because "a triable question exist[ed] about whether [he] properly discharged his duty." Id. at 81. By regulation, the Warden was responsible "'to implement procedures that would protect vulnerable inmates from dangerous transfers.'" McConnell, 2013 WL 4482411, at *3 (quoting Taylor, 69 F.3d at

8

80). He permissibly delegated this task, but he became "'aware of and at least acquiesced in the conduct of his subordinates in approving transfers without adequately reviewing the inmate's record.'" McConnell, 2013 WL 4482411, at *3 (quoting Taylor, 69 F.3d at 81). Because the Warden failed to correct what he arguably knew was a "defective" transfer procedure, he could be held personally (as opposed to vicariously) responsible for the rape of an inmate who was improperly transferred between facilities. McConnell, 2013 WL 4482411, at *3 (citing Taylor, 69 F.3d at 81). Defendant Morgan points out that Plaintiff Troche has not alleged a "policies and procedures" claim, and repeats that he has not alleged any facts that link Defendant directly with, or somehow approving of, the alleged mistreatment to which Plaintiff was subject while in isolation.

As required by 29 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), this Court reviewed de novo that portion of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected and the filings related thereto. Upon careful consideration, we find Plaintiff's objection unpersuasive. Given the facts pled and the precedent that binds us, the Court thinks it improper to "infer" any direct involvement on the part of Defendant Morgan. Section 5120-9-11(B) reads in full as follows:

9

> The <u>deputy</u> warden of operations, or designee, <u>must approve</u> the placement of an inmate in security control. This approval shall be written, and shall summarize the reasons for placement in security control. The <u>deputy</u> warden <u>shall forward a copy of this approval</u> to the warden.

Ohio Admin. Code § 5120-9-11(B) (emphasis added). The Deputy Warden does not, as Plaintiff suggests, send a written <u>proposal</u> of discipline he is recommending, but, rather, he forwards a written explanation of what discipline he already has <u>approved</u> (<u>see</u> doc. 37 at 3). The text of this regulation serves to reinforce the notion that the only theory of liability upon which Plaintiff proceeds is that of <u>respondeat superior</u>, clearly impermissible under Section 1983. See <u>Hayerman v. Cnty. of Calhoun</u>, 680 F.3d 642, 647 (6th Cir. 2012). Moreover, even if the Warden had sanctioned Plaintiff's placement in segregation, there simply are <u>no</u> allegations, even ones from which inferences can be drawn, that connect him to the alleged mistreatment Plaintiff experienced when there. Again, that he serves as the prison's ultimate authority does not render him liable for the acts of subordinates like Defendant Crabtree, against whom Plaintiff most certainly has alleged facts sufficient to state a claim upon which relief can be granted. Finally, neither established policies or procedures—nor the lack thereof—are at issue here, rendering a <u>Taylor</u> analysis inapposite.

In conclusion, the Court finds the Report and Recommendation of Magistrate Karen L. Litkovitz to be well-

reasoned, thorough and correct and thus we ACCEPT, ADOPT and AFFIRM it.  Plaintiff's objection thereto is hereby OVERRULED, and the Motion to Dismiss filed by Defendant Donald Morgan, Warden at the Southern Ohio Correctional Facility, is hereby GRANTED.  The federal constitutional claims alleged against Defendant Morgan pursuant to 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE and the state tort claim of assault and battery is DISMISSED WITHOUT PREJUDICE.  Plaintiff Troche's claims against Defendant Crabtree are not the subject of the Magistrate Judge's Report and Recommendation, and thus they remain.

    SO ORDERED.


Dated:  March 4, 2014    s/S. Arthur Spiegel_____
                                    S. Arthur Spiegel
                                    United States Senior District Judge