# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHANNON EARL TROCHE,  
Plaintiff,

vs.

MICHAEL CRABTREE,  
Defendant.

Case No. 1:12-cv-176

Speigel, J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's response to the show cause order (Doc. 38) and defendant's memorandum in opposition to plaintiff's response (Doc. 40). Also pending before the Court is defendant's motion to stay the Court's calendar order (Doc. 42) pending resolution of the show cause order (Doc. 43).

## I. Background

Plaintiff, an inmate at the Ohio State Penitentiary, filed this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendant Correctional Officer Michael Crabtree while plaintiff was an inmate at the Southern Ohio Correctional Facility (SOCF). (Doc. 23).[1] Plaintiff also raises Ohio state law tort claims of assault and battery against defendant. (*Id.*).

On May 10, 2012, after instituting this federal proceeding, plaintiff filed an action in the Ohio Court of Claims arising out of the same incident giving rise to this federal action. *See Troche v. Dep't of Rehab. & Corr.*, Case No. 2012-03875 (Ohio Court of Claims). Upon learning of plaintiff's pending Court of Claims action, this Court ordered plaintiff to show cause why this case should not be dismissed pursuant to *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987) (en banc), which holds that under Ohio Rev.

---

[1] Plaintiff initiated this action on a pro se basis but is currently represented by counsel pursuant to the District Court's appointment of an attorney. *See* Doc. 14.

Code § 2743.02(A)(1), filing a lawsuit in the Ohio Court of Claims results in a "complete waiver" of any federal cause of action arising out of the same act or omission. (Doc. 32). Plaintiff has filed a response to the show cause order (Doc. 38) and defendant has filed a memorandum in opposition to plaintiff's response (Doc. 40).

## II. Plaintiff's complaint should not be dismissed pursuant to *Leaman*.

Plaintiff asserts that his federal claims against defendant should not be dismissed pursuant to *Leaman* because he was not represented by counsel at the time he initiated the action in the Ohio Court of Claims and, thus, did not make "a knowing, intelligent, and voluntary waiver" of his right to bring federal claims against defendant. (Doc. 38 at 3) (quoting *Leaman*, 825 F.2d at 956). In *Leaman*, the plaintiff made a knowing and voluntary waiver of her federal cause of action because she was represented by counsel at the time the Court of Claims action was filed. *See Leaman*, 825 F.2d at 956 ("The finding that the waiver was 'knowing, intelligent, and voluntary' presumably rests upon the fact that Ms. Leaman was represented by competent counsel when she filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said. Under the circumstances of this case, we consider this an adequate foundation for the finding of voluntariness."). Here, in contrast, plaintiff was not represented by counsel at the time he filed his Court of Claims action. *See* Doc. 38, Ex. A (plaintiff's Court of Claims Complaint was filed pro se on May 10, 2012)[2]; Doc. 14 (plaintiff was not appointed counsel until May 29, 2012). Plaintiff asserts that as a pro se litigant, he was unaware of the consequences of filing an action in the Ohio Court of Claims and, thus, he did not make a knowing, intelligent, and voluntary waiver of his federal claims. In support, plaintiff

---

[2]The Court may take judicial notice of publicly available court records. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)). The online docket records maintained by the Ohio Court of Claims, which pertain to plaintiff's state action, can be found at: http://cases.ohiocourtofclaims.gov/cgi-bin/wspd_cgi.sh/ws_civilcasesearch_2007.r?mode=5&Case No=2 01203875.

2

cites to *Kaifasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003) and *Smith v. Duncan*, No. 96-3233, 1996 WL 583413, at *1 (6th Cir. Oct. 9, 1996), where the Sixth Circuit clarified its holding in *Leaman* and determined that in cases where plaintiffs were not represented by counsel, there was no presumption that the act of filing a Court of Claims action established a knowing, intelligent, and voluntary waiver of the right to proceed with federal claims. Plaintiff requests that the Court take into consideration his pro se status at the time his Court of Claims action was filed and find that his claims against defendant are not subject to dismissal under *Leaman*.

Defendant concedes that plaintiff's pro se status at the time of filing the Court of Claims matter removes *Leaman*'s presumption of a voluntary waiver. However, defendant asserts that this Court may nevertheless find that plaintiff has waived his right to pursue this matter by looking to plaintiff's filings in the Court of Claims action. (Doc. 40 at 4-5). In support, defendant cites to two Southern District of Ohio cases where pro se plaintiffs were found to have made knowing, intelligent, and voluntary waivers pursuant to *Leaman* based on their prior experience as a pro se litigants, the coherence of their filings, and references to Ohio Rev. Code § 2743.01(A)(1) in their court filings. (*Id.* at 4) (citing *Williams v. Smith*, No. 2:05-cv-845, 2006 WL 2192470, at *10-11 (S.D. Ohio Aug. 1, 2006) and *Brown v. Mason*, No. 2:10-cv-783, 2012 WL 2892036 (S.D. Ohio July 16, 2012)). Defendant asks that this Court similarly take into account the content of plaintiff's court filings. Specifically, defendant notes plaintiff's reference to Ohio Rev. Code § 2743.02 in his Ohio Court of Claims Complaint (Doc. 40, Ex. A at 1) and plaintiff's defeat of defendant's motion for summary judgment in the Court of Claims. Defendant argues that despite plaintiff's pro se status at the time of filing, his coherent court filings and reference to § 2743.02 establish that plaintiff voluntarily, intelligently, and knowingly

3

waived his right to pursue his federal claims against defendant when he filed his Court of Claims action. (Doc. 40 at 5-6). Lastly, defendant notes that the timing of plaintiff's Court of Claims filing indicates his intent to abandon this lawsuit. (Doc. 40 at 5). Defendant points out that rather than respond to Warden Morgan's April 9, 2012 motion for judgment on the pleadings, plaintiff filed the Ohio Court of Claims action on May 10, 2012. Defendant also notes that on June 7, 2012, plaintiff completed a form for the Ohio Court of Claims wherein he represented that there was no pending court cases connected to his Court of Claims matter. *See* Doc. 40, Ex. B at 2. Defendant asserts that these actions demonstrate that plaintiff elected to proceed in the Court of Claims, effectively abandoned the instant lawsuit, and knowingly, intelligently, and voluntarily waived his right to proceed in federal court. Defendant therefore requests that the Court find that plaintiff's federal claims are barred by *Leaman* and dismiss this lawsuit in its entirety.

> Ohio Revised Code § 2743.02(A)(1) provides, in relevant part:
>
> The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter. . . .
>
> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

The Sixth Circuit has held that a plaintiff who files suit in the Ohio Court of Claims waives his right to file a federal cause of action based on the same acts under § 2743.02(A)(1). *Leaman*, 825 F.2d at 951-52. *See also Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) (citing

4

*Leaman*, 825 F.2d at 954-55) ("Thus, our circuit interpreted the Court of Claims Act as establishing a *quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employee."). The Sixth Circuit reiterated this interpretation in *Turker v. Ohio Dep't of Rehab. and Corrections*, 157 F.3d 453 (6th Cir. 1998), finding that "*Leaman* and *Thomson*, provide that where a federal court plaintiff files a related action in the Court of Claims, she has waived her right to sue the state official for monetary damages in federal court." *Id.* at 459. However, in *Kajfasz*, 55 F. App'x 719, the Sixth Circuit clarified that the plaintiffs in *Leaman* and *Turker* were presumed to have made knowing, intelligent, and voluntary waivers of their right to proceed in federal court because they were represented by competent counsel. *Id.* at 721-22. Where a plaintiff is proceeding pro se, such as in the instant case, the court must make a factual finding as to whether the plaintiff "knowingly, intelligently, and voluntarily waived his right to proceed in federal court by filing in the Ohio Court of Claims. . . ." *Id.* at 722. In making this finding, the Court may look to the pro se plaintiff's prior litigation experience, the coherency of his filings in both the federal and Court of Claims matters, and whether the litigant referenced the statutory waiver provision in the filings. *See Brown*, 2012 WL 2892036, at *2; *Easley v. Bauer*, No. 1:07-cv-37, 2008 WL 618642, at *1 (S.D. Ohio Feb. 29, 2008). The Court has considered these factors and finds that plaintiff did not knowingly, intelligently, and voluntarily waive his right to bring his federal claim against defendant by filing an action in the Ohio Court of Claims.

A review of the Court's electronic case management system reveals that plaintiff does not have prior experience as a pro se litigant. Plaintiff's lack of experience in pro se litigation supports a finding that he was not aware that he would forfeit the instant lawsuit by filing his Court of Claims action. *Cf. Easley*, 2008 WL 618642, at *1 (finding that the pro se plaintiff who

5

had filed up to ten other pro se actions was an experienced litigant and waived his federal right of action by filing an Ohio Court of Claims matter); *Williams*, 2006 WL 2192470, at *10 (waiver found where pro se plaintiff had represented himself in three prior lawsuits).

The Court has also reviewed plaintiff's pro se pleadings in this matter and in the Ohio Court of Claims matter and finds that they do not establish that plaintiff has "an above-average understanding of the law for a pro se litigant" such that his filing of the state matter can be deemed a knowing, intelligent, and voluntary waiver of his right to proceed with his federal claims. *Williams*, 2006 WL 2192470, at *10. Plaintiff's initial complaint, drafted prior to the appointment of counsel, is similar to many other pro se complaints filed by prisoner litigants. The pleading is hand-written, contains multiple spelling errors, and minimal factual allegations. *See* Doc. 3 at 5-6. Plaintiff's other pro se filings in this matter contain similar flaws. *See, e.g.*, Doc. 4 (containing spelling and grammatical errors); Doc. 6 (wherein plaintiff improperly refers to himself as "Relator" and evinces his lack of knowledge of legal terms). Review of plaintiff's Ohio Court of Claims filings likewise reflect that plaintiff has no more than an average understanding of the law. To the extent defendant asserts that plaintiff's success in defeating defendant's state court motion for summary judgment establishes plaintiff's "legal skill" (Doc. 40 at 6), the Court disagrees. The Ohio Court of Claims denied defendant's motion for summary judgment simply because defendant and plaintiff presented contradictory affidavit testimony and not because of any legal argument made by plaintiff. *See* Doc. 40, Ex. E at 4 (August 27, 2012 Ohio Court of Claims Opinion denying defendant's motion for summary judgment).

Lastly, plaintiff's brief reference to Ohio Rev. Code § 2743.02 does not demonstrate that he was aware of the significance of this statute to his federal lawsuit. In his Ohio Court of Claims complaint, under the heading "I. Jurisdiction," plaintiff wrote: "[t]his Court retains

jurisdiction to adjudicate claims against state agencies and instrumentalities pursuant to R.C. 2743.02." (Doc. 38, Ex. A). Plaintiff does not reference the portion of the statute which explains that filing a claim in the Court of Claims acts as a waiver of his right to proceed in federal Court. The undersigned finds that plaintiff's brief reference to the Ohio Court of Claims Act to establish that court's jurisdiction does not demonstrate that plaintiff was aware of the immunity language in §2743.02(A) such that he should be found to have waived his right to pursue his federal lawsuit. *Cf. Brown*, 2012 WL 2892036, at *2 (finding pro se plaintiff made a knowing, intelligent, and voluntary waiver where he *verbatim* quoted the immunity language from § 2743.02(A) in his Court of Claims complaint).

In consideration of the above, the Court finds that plaintiff did not make a knowing, intelligent, and voluntary waiver of his right to proceed with the instant lawsuit when he filed his Ohio Court of Claims action.

### III. Conclusion

For the reasons stated above, plaintiff's response to the August 21, 2013 order to show cause (Doc. 38) is well-taken and the Court finds that *Leaman* does not require dismissal of plaintiff's federal claims. Consequently, defendant's motion to stay the Court's calendar order (Doc. 43) is **DENIED** as moot.

**IT IS SO ORDERED**.

Date: 5/28/14

Karen L. Litkovitz
United States Magistrate Judge