UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHANNON EARL TROCHE, | : | Case No. 1:12-CV-176 |
| *Plaintiff,* | : | J. Black |
| v. | : | M.J. Litkovitz |
| MICHAEL CRABTREE, | : | |
| *Defendant.* | : | |

STIPULATED PROTECTIVE ORDER FOR THE PROTECTION
OF
CONFIDENTIAL INFORMATION

Undersigned counsel, on behalf of their respective parties move the Court to enter into the following protective order ("Stipulated Protective Order" or "Order"). The Order is made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to limit the disclosure of discovered information, for the protection of third parties, and to preserve confidentiality of certain matters. The parties agree to be bound by the restrictions of this Order limiting the use of such information as provided from the date that each party signs this order.

Each party signing this Stipulated Protective Order and anyone else who may subscribe to this Stipulated Protective Order agrees as follows:

**INFORMATION SUBJECT TO THIS ORDER**

1. It is anticipated that some information: (a) conveyed by or contained in a document produced, or; (b) stated in answer to an interrogatory or request for admission, or; (c) disclosed in an oral deposition by a party or a non-party during the course of discovery in this

proceeding, or; (d) disclosed pursuant to a voluntary agreement among counsel, or; (e) disclosed by a medical provider, may include protected information regarding correction officers as prohibited under R.C. § 149.43, or may constitute a security risk, or may include other personal, sensitive information to which the public would not ordinarily have access, including but not limited to, personnel files, disciplinary files, names of individuals who are not a party to this action that may be protected from disclosure under Fed. R. Civ. P. 26(c), or any other statute or regulation restricting disclosure, when justice so requires. The word "document" means all documents and things subject to copying and inspection under Rule 34 of the Federal Rules of Civil Procedure.

2. Any party or non-party that produces information as to which it then has a reasonable good faith basis in law and fact to believe is of the type described in Paragraph 1, at the time of production, shall designate such information "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Information so designated ("CONFIDENTIAL" or "ATTORNEY'S EYES ONLY") shall thereafter be subject to the provisions of this Stipulated Order. Such records will be disclosed solely to counsel of the parties or any staff working for them, but may include experts retained by any party, upon execution of the attached release, marked as Exhibit "A."

3. Regardless of whether marked "CONFIDENTIAL" as set forth in Paragraph 2 of this Order, any and all financial, medical and personnel records produced by either party during the course of discovery shall automatically be deemed "CONFIDENTIAL" for purposes of this Order and need not be separately marked as such.

4. Only information marked "ATTORNEY'S EYES ONLY" as set forth in Paragraph 2 of this Order shall be deemed so for purposes of this Order.

5. "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, as described in this section, shall, if in writing, be stamped on the face of the writing, or shall otherwise be clearly marked as such. The stamp shall be affixed in such a manner that the written material is not obliterated or obscured.

6. This Order shall not apply to information in the public domain or obtained from other sources not in violation of this Order regardless of whether or not such information is also contained in discovery materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in this case.

7. Parties may designate as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," information which is referenced at any deposition or portion thereof by making such designation on the record at the time of the deposition. If no confidential designation is made during a deposition, the contents shall be treated as confidential under this Stipulated Protective Order until 15 days after receipt of the transcript or 20 days after the court reporter mails copies of the transcripts, whichever is longer. Within that period, any party wishing to designate all or any portion of the deposition transcript as confidential shall make the appropriate designation in writing and then serve that designation by mail upon the court reporter and counsel for all parties. However, if no party orders a copy of the transcript at the time of the deposition or within 5 business days of the deposition, the contents of the deposition shall only be treated as confidential information for 5 business days.

8. The designation of any material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" will also render any copies, excerpts, summaries, disclosures, or other documents containing the substance or content of such material subject to this Order.

## PERSONS AUTHORIZED TO RECEIVE
## "CONFIDENTIAL - ATTORNEY EYES ONLY " INFORMATION

9. Subject to paragraph 21, information protected by this Stipulated Protective Order as "CONFIDENTIAL" may be disclosed only to:

    a. Counsel of record;

    b. Members of the legal, paralegal, secretarial, and clerical staff of such counsel who are engaged in the preparation for and trial of this action;

    c. The court in which this action is pending and persons associated with it;

    d. Expert consultants (upon the execution of Exhibit A);

    e. Defendant(s) in the presence of their counsel;

    f. Plaintiff(s) in the presence of their counsel;

    h. A deponent and his or her attorney, but only during the course of his or her deposition; and

    h. A court reporter.

10. Subject to paragraph 21, information protected by this Stipulated Protective Order as "ATTORNEY'S EYES ONLY" may be disclosed only to:

    a. Counsel of record;

    b. Members of the legal, paralegal, secretarial, and clerical staff of such counsel who are engaged in the preparation for and trial of this action;

    c. Other witnesses or persons to whom the party disclosing the protected information agrees in advance, or by court order.

    d. Plaintiff is specifically excluded from viewing or obtaining, either directly or indirectly, any information designated as "ATTORNEY'S EYES ONLY" absent agreement of the parties or a Court order.

11. If counsel for any party intends to disclose confidential information to any person described in Paragraph 9(d), counsel for that party shall require, prior to disclosure, that such person first read this Stipulated Protective Order, agree to be bound by its terms and submit to

the authority of this Court to enforcement of this Stipulated Protective Order, and execute the Agreement as attached as Exhibit A. A copy of the signed Agreement shall be made available to opposing counsel and maintained by all counsel until the conclusion of this action.

### LIMITATIONS ON THE USE OF INFORMATION MARKED "CONFIDENTIAL" OR "ATTORNEY'S EYES ONLY"

12. While protected by this Stipulated Protective Order, any information designated "confidential – attorney eyes" pursuant to paragraphs 1-6 of this Stipulated Protective Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the purposes of this proceeding, and shall not be used by the recipient of the information designated for the purposes of any other proceeding.

13. In the event that any information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to paragraphs 1-8 of this Stipulated Protective Order must be filed in connection with this proceeding or any subsequent appeals, such material shall be requested to be filed under seal. This Protective Order, however, does not authorize filing protected materials under seal. As set forth in *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1(a) and the policies and procedures set forth in the Court's CM/ECF online resources.

14. Within thirty (30) days following a final determination of this litigation, every person or party to whom confidential information has been furnished or produced shall destroy all copies, and provide the producing party with counsel's certification of that destruction. This

paragraph includes deposition exhibits, but not attorney notes. This paragraph does not require any party to return or destroy any information which was filed with the Court.

15. This Stipulated Protective Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding, and may be amended as need may arise by the mutual consent and agreement of counsel, subject to the ultimate approval of the Court, as provided below.

16. This Stipulated Protective Order shall be without prejudice to the right of any party or non-party to move for a separate protective or other discovery order as to any such particular document or information, to seek exemptions or restrictions differing from those specified herein, or to challenge the status of any information as being protected by Fed. Civ. R. 26(c), regardless of its designation as confidential information by a producing party.

17. After the termination of this proceeding, this Stipulated Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom confidential information has been disclosed or communicated, and the Court shall retain jurisdiction for enforcement of its provisions.

**MODIFICATION AND DISPUTE RESOLUTION**

18. If any party disputes the designation of any document as "CONFIDENTIAL" or "ATTTORNEY EYES ONLY" that party shall notify the producing party of the objections in writing. The designating party of the materials shall, within five (5) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the objecting party in writing whether or not it will agree to the reclassification requested. Counsel shall attempt to resolve the dispute extrajudicially in good faith.

19. If counsel for the parties are unable to resolve a dispute extra-judicially, then the procedures set forth in Fed. R. Civ. P. 26(c) shall be followed by the party asserting confidentiality.

20. If another court or a government entity or agency, or any other person or entity, subpoenas or orders production of any of the documents or information that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly provide written notice to the party or other person who produced the documents or information, and counsel for the other parties to this action of the pendency of such subpoenas or order as soon as reasonably possible, and, in any event, before the return date of the subpoena or order. If written notice cannot be provided at least fourteen (14) days before the time for production or other disclosure, the party receiving the subpoena or order shall immediately, in addition to the written notice, give notice by telephone to the party or person who produced the documents or information. In no event shall production or disclosure be made before notice is given. The purpose of this section is to provide the party or person who produced the documents or information the opportunity to intervene at its own expense to object to the production of documents or information. This Stipulated Protective Order shall not alter a party's or person's obligations to comply with subpoenas or orders of production to produce the documents or information made by a government entity or agency, or any other person or entity.

21. Notwithstanding anything above to the contrary, this Stipulated Protective Order does not govern the procedures for the disclosure and use of the documents or information marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to which this Stipulated Protective Order applies, for the preparation of the trial of this matter.

Rather, in the event Plaintiff's counsel determine that any of the confidential documents are relevant for trial purposes, the parties will work to enter into an agreement as to the disclosure and use of the documents or information marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" to which this Stipulated Protective Order applies, subject to the instructions of the Court. No such disclosure shall be made unless and until the Parties enter into an agreement and the Court approves the same.

Should the Parties, after making a diligent attempt, be unable to come to an agreement regarding the disclosure of confidential information to the Plaintiff, then judicial intervention must be requested, prior to any such disclosure.

This Stipulated Protective Order is subject to modification by the Court.

**IT IS SO ORDERED**

_1/30/2017_
Date

_Karen L. Litkovitz_
Magistrate Judge Karen L. Litkovitz

Approved by and agreed to:

STIPULATED:

 

**MICHAEL DeWINE (0009181)**
**Office of the Attorney General**

_____

**George Horváth (0030466)**
Assistant Ohio Attorney General
Criminal Justice Section/
Corrections Litigation Unit
150 East Gay Street
Columbus, OH 43215
(641) 644-7233 -Phone
(5855) 326-1696 -Fax
george.horvath@ohioattorneygeneral.gov

_Trial Attorney for Defendant_

_____
**Steven T. McDevitt (0092659)**
Neal Shah (0082672)
FROST BROWN TODD LLC.
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH 45202
(513) 651-6800 -Phone
(513) 651-6981 -Fax
nshah@fbtlaw.com
smcdevitt@fbtlaw.com

_Trial Attorneys for Plaintiff_

**IT IS SO ORDERED**

1/30/2017
Date

*[signature]* Karen L. Litkovitz
Magistrate Judge Karen L. Litkovitz

Approved by and agreed to:

STIPULATED:

*[signature]* S T. McD -H

**Steven T. McDevitt (0092659)**
Neal Shah (0082672)
FROST BROWN TODD LLC.
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH 45202
(513) 651-6800 -Phone
(513) 651-6981 -Fax
nshah@fbtlaw.com
smcdevitt@fbtlaw.com

*Trial Attorneys for Plaintiff*

**MICHAEL DeWINE (0009181)**
Office of The Attorney General

*[signature]* George Horvath (0030466)
Assistant Ohio Attorney General
Criminal Justice Section/
Corrections Litigation Unit
150 East Gay Street
Columbus, OH 43215
(641) 644-7233 -Phone
(5855) 326-1696 -Fax
george.horvath@ohioattorneygeneral.gov

*Trial Attorney for Defendant*

**EXHIBIT A**

**County of** _____ :

   **ss**                     :

**State of Ohio**       :

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1. I, _____, the undersigned, acknowledge that I have received a copy of the "Stipulated Protective Order for the Protection of Confidential Information" entered in this action, which is attached hereto as Exhibit 1, have read the Stipulated Order, and agree to be bound by all of the provisions in it.

2. I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

3. I agree not to disclose any such information to any person not entitled to receive disclosure of same under the provisions of the Stipulated Order, and to use any such information solely in connection with my participation in this case.

4. I also agree to return to counsel for the party that produces, in accordance with the Stipulated Order, any such confidential materials as soon as my participation in this case is concluded.

_____
Signature

**SUBSCRIBED TO AND SWORN BEFORE ME THIS** \_\_\_\_\_ **DAY OF** _____, 20\_\_.

_____
**Notary Public**

**My commission expires**: _____